UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60574-CIV-COHN/SELTZER

JEFFREY D. BIANCHI,

    Plaintiff,

v.

LAW OFFICE OF THOMAS LANDIS,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY'S FEES

**THIS CAUSE** is before the Court on Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees [DE 24] ("Motion"). The Court has considered the Motion, the Brief in Support of the Motion [DE 25], the Declaration of Donald A. Yarbrough [DE 26] ("Yarbrough Declaration"), the Declaration of Scott D. Owens [DE 27] ("Owens Declaration"), Defendant's Response [DE 28], Plaintiff's Reply [DE 29], the Supplemental Declaration of Donald A. Yarbrough [DE 30] ("Yarbrough Supplemental Declaration"), and the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On April 14, 2010, Plaintiff Jeffrey D. Bianchi filed this action against Defendant Law Office of Thomas Landis for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). On December 2, 2010, the Court entered an Order of Dismissal [DE 23] based on the parties' Stipulation for Dismissal [DE 22]. The

Stipulation for Dismissal indicated that the parties had reached a partial settlement under which Defendant agreed to pay Plaintiff $1,001.00 plus reasonable attorney's fees and costs in exchange for Plaintiff dismissing his FDCPA claims with prejudice. On January 31, 2011, Plaintiff filed the instant Motion, requesting $3,643.50 in attorney's fees and $465.00 in costs.  On March 1, 2011, Plaintiff filed the Yarbrough Supplemental Declaration, requesting an additional $1,197.00 in attorney's fees incurred in filing the instant Motion.

## II.  ATTORNEY'S FEES AND COSTS

In an individual action under the FDCPA,

> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2). . . such additional damages as the court may allow, but not exceeding $1,000 . . .  and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court . . .

15 U.S.C. § 1692k(a).  Plaintiff in this case already sought and obtained the maximum amount of statutory damages to which he is entitled.  He has not sought actual damages.  The parties do not dispute that the FDCPA entitles Plaintiff to some amount of attorneys's fees.  See Brief at 4, Resp. at 8; see also 15 U.S.C. § 1692k(a)(3).  The only contention is the amount of attorney's fees and costs to which he is entitled.

2

### A. Attorney's Fees

The FDCPA entitles the prevailing party to a "reasonable attorney's fee." 15 U.S.C. § 1692k(a)(3). A reasonable award for attorney's fees is calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999). In determining what fee constitutes a "reasonable" hourly rate and what number of compensable hours constitute a "reasonable" number of hours, a court may consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); accord Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1340 (11th Cir. 1999).[1] In addition, a district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1492-93 (11th Cir. 1994).

---

[1] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

1. Reasonable Hourly Rate

The first step in calculating the lodestar amount involves determining the reasonable hourly rate.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  Id.  Satisfactory evidence is at a minimum more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence.  Id.

Plaintiff was represented in this litigation by Donald A. Yarbrough.  The Motion, as well as the Yarbrough Declaration and the Billing Sheet [DE 26-1] attached to the Yarbrough Declaration, identify Mr. Yarbrough's billing rate as $350 per hour.  Mot. at 5-7; Yarbrough Decl. ¶ 11; Billing Sheet.  However, Defendant contends that Plaintiff has not met hits burden of producing evidence that $350 per hour is in line with the prevailing market rates.  Resp. at 6.  Therefore, Defendant argues that Mr. Yarbrough's hourly rate should be limited to $300 per hour.  Id.

According to the Yarbrough Declaration, Mr. Yarbrough's rate used to be $300 per hour, but he is now in his twelfth year of practice as an attorney, and he has extensive experience in consumer debt collection.  Yarbrough Decl. ¶ 11.  Furthermore, Mr. Yarbrough has been awarded $350 per hour in a number of other cases in this district.  Id.; see also Bianchi v. Bronson & Migliaccio, LLP, Case No. 09-61164-CIV-UNGARO/SIMONTON, DE 86 at 5-6 (S.D. Fla. Feb. 2, 2011) (awarding Mr. Yarbrough $350 per hour even when case was not novel or difficult); Manfred v. Vision Credit

4

Solutions, LLC, Case No. 10-60620-CIV-COHN/SELTZER, DE 14 (S.D. Fla. Jan. 5, 2011); Thomas v. Superior Recovery Servs. & Accocs., Inc., Case No. 09-82290-CIV-RYSKAMP/VITUNAC, DE 17 (S.D. Fla. Oct. 25, 2010); Crescenzo v. Law Offices of Douglas R. Burgess, LLC, Case No. 09-61456-CIV-DIMITROULEAS/SNOW, DE 27; DE 26 at 3 (S.D. Fla. Oct. 15, 2010) ("the rate of $350.00 per hour is within the range of rates charged in the South Florida community for similar services by lawyers of reasonably comparable skills, experience and reputation."); Karns v. Prime Asset Recovery, Inc. et al., Case No. 09-61689-DIMITROULEAS/SNOW, DE 25 (S.D. Fla. Aug. 24, 2010). In addition, Plaintiff submitted the Declaration of Scott D. Owens, a Florida attorney whose practice is primarily devoted to consumer debt collection defense. Owens. Decl. ¶ 1. Mr. Owens states that he is "familiar with the hourly rates charged by attorneys who practice in this Court . . . [and] with the attorneys fees generally charged by and awarded to attorneys for professional services rendered in actions similar to the instant case, i.e., actions filed against debt collectors under the Fair Debt Collection Prtactices Act." Id. ¶¶ 1-2. Mr. Owens says he is " aware that Donald A. Yarbrough, Esq., counsel for Plaintiff in this cause is seeking an hourly rate of $350.00 per hour, and this rate is reasonable and customary in this community for his expertise." Id. ¶ 3. Based on this evidence, the Court finds that Mr. Yarbrough's billing rate of $350.00 per hour is reasonable.

5

## 2. Reasonable Number of Hours Expended

As noted above, the second step in calculating the lodestar amount involves determining whether counsel expended a reasonable number of hours on the case. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the court may properly assess the time claimed for each activity. See Hensley, 461 U.S. at 433; Norman, 836 F.2d at 1301. Excessive, redundant or otherwise unnecessary hours should not be included in the calculation. See Barnes, 168 F.3d at 427.

The Motion seeks reimbursement for 10.41 hours spent litigating this case, and the Yarbrough Supplemental Declaration seeks reimbursement for an additional 3.42 hours spent litigating this Motion. The Motion represents that the 10.41 hours "would have been incurred even in the absence of the FCCPA claim." Mot. at 5. Mr. Yarbrough states, "I have exercised billing judgment in the preparation fo my time records. I have chosen not to seek 2 hours time I expended in this case primarily attributable to the claims under the Telephone Consumer Protection Act." Yarbrough Decl. ¶ 11. Additionally, Mr. Owens declares that he has "reviewed the file and Mr. Yarbrough's time records in this matter and [has] found that the time he expended is reasonable and customary for the services rendered by Mr. Yarbrough and other attorneys for this type of lawsuit." Owens Decl. ¶ 3. Mr. Owens also states, "I have reviewed the gross time billed for the case as a whole contained in the billing sheet dated January 3, 2011. It is my opinion that the time sheet reflects an appropriate amount of time attributable to the Fair Debt Collection Practices Act . . ." Id. ¶ 5.

Defendant does not dispute that Plaintiff is entitled to attorney's fees incurred

before September 2, 2010.  Yet, Defendant contends that Plaintiff is not entitled to fees for 1.48 hours expended after September 2, 2010, the day Defendant made its settlement offer.  Resp. at 2.  Defendant cites Lee v. Thomas & Thomas, 109 F.3d 302 (6th Cir. 1997) for the proposition that "[t]he Congress that passed the Fair Debt Collection Practices Act in 1977 could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversaries' time and the time of the courts as well," id. at 307, but Defendant has not demonstrated that the 1.48 hours expended after September 2, 2010 constituted nonproductive work or a waste of time.

Upon review of the Billing Sheet in the instant case, it appears that the vast majority of the time expended after September 2, 2010 (1.33 hours of the 1.48) was spent reviewing (1.25 hours) and responding (0.08 hours) to the Motion to Dismiss that Defendant filed the same day it made its settlement offer.  See Billing Sheet at 4.  The rest of the time came from review of a notice of withdrawal that Defendant filed (0.05 hours), the Clerk's termination of that counsel (0.05 hours), and the Court's Status Report Order (0.05 hours).  See id.  Such work was neither nonproductive nor a waste.

Regardless, Defendant's argument is premised upon the rules governing an Offer of Judgment under Federal Rule of Civil Procedure 68, but Defendant did not make a Rule 68 Offer of Judgment.  Rather, Defendant made an informal settlement offer, which must be distinguished from a formal Offer of Judgment.  Rule 68 allows a defendant to make an Offer of Judgment and then to avoid liability for costs incurred after the offer is made.  See Fed. R. Civ. P. 68.  Though Defendant could have made a Rule 68 Offer of Judgment here, it did not do so.  Therefore, Defendant cannot avail itself of the benefits of Rule 68.  See Gordon v. Camp Canine, 2003 WL 1563288, at *2

(S.D.N.Y. March 25, 2003) ("When Rule 68 is not followed, its role would be undermined if courts nevertheless took into account settlement negotiations to reduce a fee award" (citing Nat'l Ass'n for the Advancement of Colored People v. Town of E. Haven, 259 F.3d 113, 121 (2d Cir. 2001)); see also Oritz v. Regan, 980 F.2d 138, 141 (2d Cir. 1992).

In light of these circumstances, the Court finds that Plaintiff is entitled to recover attorney's fees for the 10.41 hours spent on this case and 3.42 hours spent on this Motion. The total 13.83 hours represent a reasonable amount of time.

### 3. Lodestar Amount

Multiplying the reasonable hourly rate ($350.00) by the the reasonable number of hours expended (13.83) results in a total lodestar amount of $4840.50. Therefore, the Court awards Plaintiff $4840.50 in attorney's fees.

### **B. Costs**

In addition to attorney's fees, the Motion seeks to recover $465.00 in costs and litigation expenses incurred in this matter. These costs include the filing fee ($350.00), service of process fee ($65.00), and deposition cancellation fee ($50.00). Mot. ¶ 12; Exhibit B to Yarbrough Decl. [DE 26-2].

Pursuant to 28 U.S.C. § 1920, the categories of reimbursable costs include:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

8

>   (5)   Docket fees under section 1923 of this title;
>
>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  There is no question that the filing fee and service of process fee fall into these categories.  See id. Defendant does not contend otherwise.  Defendant does argue, however, that Plaintiff should not be entitled to recover the $50.00 deposition cancellation fee.  Defendant suggests that "if Plaintiff had timely moved to inform the court reporter's office of the cancellation, there should have been no cancellation fee incurred."  Resp. at 7.  The Legal Video Services Invoice [DE 26-2 at 4] lists the fee as a "VC [Video Conferencing] Booking/Cancellation Fee."  See Invoice.  As Plaintiff states, "the fee would have been incurred no matter when the deposition was cancelled, as the videoconferencing company charges a booking fee regardless of whether the deposition occurs or not."  Reply ¶ 5.  Defendant has presented no evidence refuting this point.

Therefore, upon review of all the costs and expenses submitted by Plaintiff's counsel, the Court finds that these costs and expenses are reasonable and were necessarily incurred in connection with the prosecution of this action.  See EEOC v. W & O, Inc., 213 F.3d 600, 623-24 (11th Cir. 2000); Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540, 1545-46 (S.D. Fla. 1991).  Therefore, the Court will award Plaintiff a total of $465.00 in costs.

9

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees [DE 24] is **GRANTED**;

2. Plaintiff is awarded a total of $5305.50 for attorney's fees and costs, which includes attorney's fees in the amount of $4840.50 and costs and expenses in the amount of $465;

3. The Court will enter a separate judgment for fees and costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 26th day of April, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF